UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GHALEB AZROUI<br><br>    Plaintiff,<br><br>v.<br><br>DONISI JAX, INC. d/b/a NATIONWIDE HEALTH ADVISORS<br><br>    Defendant. | CIVIL ACTION<br><br>COMPLAINT  1:18-cv-00617<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, ("Plaintiff") by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant DONISI JAX, INC. d/b/a NATIONWIDE HEALTH ADVISORS ("Nationwide" or "Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and the Illinois Automatic Telephone Dialers Act ("ATDA") pursuant to 815 ILCS 305.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. The Court has personal jurisdiction over Defendant because the conduct giving rise to the instant litigation occurred in this district.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois.

1

## PARTIES

4. Plaintiff is a consumer and natural person over 18 years of age who, at all times relevant, resided in Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153 (39).

6. Defendant has a principal place of business located at 2900 Gateway Drive, Pompano Beach, FL 33069. Nationwide's registered agent is Monica Reed, Box 4030, Fort Lauderdale, FL 33338.

7. Defendant is a "person" as defined by 47 U.S.C. §153 (39).

## FACTS

8. In August, 2017, Defendant began making solicitation calls to Plaintiff on his cellular telephone number ending in 7496.

9. At all times relevant, Defendant did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or pre-recorded voice on his cellular phone pursuant to 47 U.S.C. § 227(b)(1)(A).

10. Upon information and belief Defendant does not employ scrubbing technology to scrub or screen either for phone numbers that appear on the National Do Not Call List, or for cellular phone numbers, prior to dialing these "scraped" numbers *en-masse*.

11. On August 11, 2017, at 1:39 p.m. CST, Defendant called Plaintiff. Plaintiff noted, at the initiation of the call, an audible click from the receiver. Plaintiff also noted a short pause between the time he answered the call and the time he heard a pre-recorded voice instruct him to follow certain prompts. [1] After doing so, Plaintiff was connected to a Defendant's representative.

---

[1] The audible click and short pause indicates that the call was placed using an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. §227(a)(1).

2

12. After connecting to a representative, Defendant identified itself and proceeded to advertise and attempt to sell, to Plaintiff, a health insurance plan. In this call, Plaintiff told Defendant to stop calling.

13. Despite Plaintiff's above demand to cease all telephone communications, Defendant continued to call Plaintiff on his cellular phone.

14. Defendant called from phone numbers 773-536-1366, 773-536-1360, 773-536-1363, 773-839-4880, 773-839-5428, 773-839-4879, and 773-801-5597.

15. The phone numbers used by Defendant contained a local area code. Upon information and belief, Defendant "spoofed" local area code numbers to fool Plaintiff into answering the phone.[2]

16. Defendant's telephone practices utilized autodialers or autodialer systems and recorded messages.

17. Plaintiff *never* provided Defendant with consent to call his cellular phone.

18. Plaintiff *never* provided Defendant with consent to hear Defendant's prerecorded messages.

19. Some of the prerecorded messages lasted more than 30 seconds, and, in these instances, Defendant would then hang up the call before the prerecorded message would offer the typical prompts that would allow the call to connect to a live operator.

20. Moreover, in its prerecorded messages, Defendant failed to provide Plaintiff with the name of the caller, any contact information, or the purpose of the call.

---

[2] *"Spoofing" occurs when a caller deliberately falsifies the information transmitted to your caller ID display to disguise their identity. . . .U.S. Law and FCC rules prohibit most types of spoofing. See https://www.fcc.gov/consumers/guides/spoofing-and-caller-id*

21. Defendant placed, or caused to be placed, no less than 130 calls to Plaintiff's cellular phone without his consent. Sometimes, Defendant would call Plaintiff 9or more times in one day.

22. The calls Defendant placed to Plaintiff's cellular phone were not placed for emergency purposes pursuant to 47 U.S.C. §227(b)(1)(A)(i).

## DAMAGES

23. The calls made by Defendant to Plaintiff's cellular phone were harassing in nature and Plaintiff has suffered emotional distress as a result of Defendant's actions.

24. Defendant's unlawful collection activities have caused Plaintiff actual harm, including but not limited to, physical harm, invasion of privacy, aggravation that accompanies unsolicited telephone calls, emotional distress, increased risk of personal injury due to the distraction caused by the phone calls, diminished value and utility of his telephone equipment and telephone subscription services, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

25. Concerned about the violations of his rights and the invasion of his privacy, Plaintiff sought the assistance of counsel.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Defendant placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

28. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

29. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

30. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

31. Defendant violated the TCPA by placing no less than 130 calls to Plaintiff's cellular phone, using an ATDS without his consent. Moreover, Plaintiff demanded that Defendant cease calls to his cellular phone.

32. As pled above, Plaintiff was severely harmed by Defendant's solicitation calls to his cellular phone.

33. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact persons on their cellular phones.

34. Upon information and belief, Defendant does not employ scrubbing technology to scrub or screen either for phone numbers that appear on the National Do Not Call List, or for cellular phone numbers, prior to dialing these "scraped" numbers *en-masse*.

35. Upon information and belief, Defendant knew its tactics were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

36. Defendant, through its agents, representatives, and/or employees acting within the scope of their authority, acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

37. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff GHALEB AZROUI requests that this Honorable Court:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);
c. Enjoin Defendant from making any more phone calls to Plaintiff; and
d. Award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE ILLINOIS AUTOMATIC TELEPHONE DIALERS ACT

38. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

39. The TCPA is designed to protect the individual consumer from receiving intrusive and unwanted telephone calls. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

40. The State of Illinois provides its residents with similar protections. The Illinois Automatic Telephone Dialers Act ("ATDA") protects residents from similar uniform telephone practices utilizing autodialers or autodialer systems and recorded messages.

41. Under the ATDA, it is unlawful to use an autodialer:

(a) To dial numbers determined by successively increasing or decreasing integers. *See* 815 ILCS 305/15(c); *see also* 815 ILCS 305/30(a) (a violation of §15 is a violation of the ATDA); and

(b) To play a prerecorded message.

*See* 815 ILCS 305/30.

42. Pursuant to 815 ILCS § 305/15(b), "[A]ll autodialers operated within the State of Illinois shall disconnect within 30 seconds after termination of the call by the subscriber or the autodialer. Where disconnection in 30 seconds is technically not feasible, the autodialer shall utilize a live operator…" who must state his name, the name, address and telephone number of the business or organization he represents and the purpose of the call. 815 ILCS § 305/15(b)(1).

43. The live operator must also "inquire at the beginning of the call whether the person called consents to hear the prerecorded message." 815 ILCS § 305/15(b)(2).

44. Defendant made numerous phone calls to the Plaintiff without his prior express consent.

45. Defendant made numerous phone calls to the Plaintiff's cellular telephone that were over 30 seconds in length before they were terminated and there was no live operator present, in violation of the ATDA, 815 ILCS § 305/15(b).

46. Defendant failed to provide the name of the caller, Defendant's address and telephone number, and the purpose of the call as required under 815 ILCS § 305/15(b)(1).

47. Defendant failed to first inquire as to whether the Plaintiff consented to hear the recorded message as required under 815 ILCS § 305(b)(2).

48. Defendant made the calls using equipment that is capable of storing telephone numbers and which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message.

49. Defendant made the calls to solicit goods and/or services.

50. Defendant violated the ATDA when it used an autodialer to dial number determined by successively increasing or decreasing integers pursuant to 815 ILCS § 305/15(c).

51. Defendant violated the ATDA by playing a prerecorded message placed by an autodialer without the Plaintiff's consent pursuant to 815 ILCS 305/30.

52. By making or causing to be made telephone calls utilizing an autodialer, Defendant violated the ATDA. As a result of the Defendant's conduct, Plaintiff suffered actual damages in the form of monies paid to receive calls on his cellular phone, and under 815 ILCS § 305/30, is entitled to trebled actual damages, statutory damages in the amount of $500 per violation, attorney's fees and costs.

WHEREFORE, Plaintiff GHALEB AZROUI requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant;
b. Award Plaintiff his actual damages in an amount to be determined at trial;
c. Award Plaintiff punitive damages in an amount to be determined at trial;
d. Award Plaintiff his reasonable attorney's fees and costs pursuant to 815 ILCS 305/30(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

**Dated:** January 27, 2018

Respectfully Submitted,

/s/ Majdi Y. Hijazin

Majdi Y. Hijazin, *Of Counsel*
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8181
Fax: (630) 575-8188
mhijazin@hijazinlaw.com

*Counsel for Plaintiff Ghaleb Azroui*